## KIEL v. BAKER et al.

No. 11187—Opinion Filed June 26, 1923.

1. Indians — Restrictions on Allotments—Minor Choctaw Freedman.

The allotment of an enrolled minor Choctaw freedman under acts of Congress July 1, 1902, and May 27, 1908, is restricted, and not subject to contracts, debts, or incumbrances of any character, whatsoever.

2. Same—Death of Allottee—Invalidity of Sale by Administrator.

The allotment of an enrolled minor Choctaw freedman, in case of death, is not assets in the hands of an administrator of the estate and not subject to administration, and a sale made by the administrator of such land for any purpose is void and conveys no title to the purchaser.

3. Same—Descent of Allotments Free of Debts and Incumbrances.

The allotment of a deceased minor freedman descends directly to his heirs, free from debts or incumbrances of any nature.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by W. A. Kiel against George Baker, and others to quiet title, etc. Judgment for defendants, and plaintiff brings error. Reversed, and remanded, with directions.

J. W. Clark and Ira J. Banta, for plaintiff in error.

George Trice, for defendants in error.

Opinion by THREADGILL, C. This is an appeal from the district court of Atoka county. W. A. Kiel, the plaintiff in error, as plaintiff, brought suit against L. W. Baker, defendant, on the 9th day of November, 1915, to recover possession of N. W. ¼ of N. W. ¼ of section 12, township 2 south, range 9 east, in Atoka county, Okla., and to quiet his title in same, and for rents, and thereafter, on the 24th day of January, 1917, he filed an amended petition making L. W. Baker, Robbie Baker, and Mrs. G. A. Baker, defendants.

On the 11th day of July, 1917, the death of the defendant L. W. Baker being suggested, the court made an order on the 3rd day of August, 1917, of revival. The facts relied upon by the plaintiff are as follows: That he was the father and only heir of Gracie Kiel, a minor Choctaw freedman, who died intestate, without marriage, and without issue, in Coal county, on or about August 12, 1912.

The defendants filed an answer in which they claim title to said lands as follows: That after the death of said Gracie Kiel, a minor, L. W. Baker was appointed administrator in Coal county of her estate, and

under the order and direction of the county court sold the said land at an administrator's sale (said sale being for the purpose of paying debts against her estate), and Robbie Baker bought the same, as evidenced by the administrator's deed made on the 18th day of May, 1913, conveying the said land to her; and thereafter, said Robbie Baker, by warranty deed, conveyed the said land to the said L. W. Baker; that said L. W. Baker while seized of said land, under said deed, died intestate in Coal county, Okla., leaving surviving him as his only heirs at law, Georgia Baker, Robbie Baker, and Maud Baker, and that they inherited this land from L. W. Baker, deceased.

Plaintiff contends that the administrator's sale was null and void, and the deed executed by L. W. Baker, as administrator, is null and void, and without any force or effect, but is a cloud upon the plaintiff's title; that Gracie Kiel was a minor Choctaw freedman at the time of her death, and that the land in controversy was her homestead allotment, and was not subject to alienation in her lifetime except by guardianship in the county court, and was not an asset in the administration of her estate, and when she died it descended to her heirs free and clear from liability of debts or other incumbrances. The plaintiff further claimed that the sale by L. W. Baker, as administrator, to his daughter, Robbie Baker, was fraudulent and void upon its face, and prohibited under the laws of Oklahoma. These were the issues tried to the court below, which resulted in a judgment in favor of the defendants, and the plaintiff brings the case here by petition in error and case-made. asking for reversal of this judgment and judgment in his favor.

The first contention of the plaintiff is that the court erred in holding the administrator's sale of the land in question to his daughter, Robbie Baker, valid. The question to be determined, decisive of this case, is whether or not the allotment of a deceased minor freedman is an asset in the hands of an administrator and subject to administration.

This question was before this court in the case of Barnard v. Bilby et al., 68 Okla. 63, 171 Pac. 444, and it was held that the homestead allotment of a minor Creek freedman was not subject to the payment of the debts of the decedent and was not an asset of the decedent's estate, and that a purchaser at an administrator's sale in such a case takes the title subject to all restrictions, conditions, or limitations imposed therein by the acts of Congress relating thereto, and such a sale is subject to a collateral attack.

To the same effect are the cases of First Nat. Bank of Hewitt v. Lewery et al., 72 Oklahoma, 178 Pac. 893, and Mortgage & Debenture Company, Ltd., v. Burrows et al., 75 Okla. 94, 182 Pac. 238, and many cases cited therein; and finally, by a very able decision, recently rendered by Cochran, J., Sandlin v. Barker, 95 Okla. 113, 218 Pac. 579. Nos. 11030 and No. 11631, consolidated, decided June 5, 1923, which reviews all the decisions and acts of Congress affecting the question herein involved and holds that the allotment of an enrolled minor freedman is not an asset in the hands of an administrator for the purpose of paying debts and that such land is not subject to administration, but descends directly into the hands of the heirs free and clear of all debts and incumbrances, whatsoever.

These decisions are based upon the acts of Congress of July 1, 1902 (32 Stat. 641), and of May 27, 1908 (35 Stat. L. 312, c. 199), and section 15 of the first reads as follows:

"Lands allotted to members and freedmen shall not be affected or encumbered by any deed, debt, or obligation of any character contracted prior to the time at which said land may be alienated under this act, nor shall said lands be sold except as herein provided."

And section 4 of second reads as follows:

"That all land from which restrictions have been or shall be removed shall be subject to taxation and all other burdens as though it were the property of other persons than allottees of the Five Civilized Tribes; Provided, That allotted lands shall not be subject or held liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law."

From the foregoing decisions we are persuaded and hold that the district court of Atoka county committed error in finding the issues in favor of the defendants and against the plaintiff in stating, "that their title to the land in controversy is valid and perfect and superior to any right, title, or interest claimed by the plaintiff" and in finding that the plaintiff has no right, title or interest in or to the premises, and in rendering judgment in favor of the defendants and against the plaintiff.

For the reason this cause must be reversed on account of the errors of the court as above stated, we do not deem it necessary to consider the second complaint in the

matter of fraud contended for by the plaintiff in error.

This cause is reversed and remanded with direction to the district court of Atoka county, Okla., and said court is hereby ordered and directed to render judgment in favor of W. A. Kiel, the plaintiff in error, as plaintiff in the trial court.

By the Court: It is so ordered.