**PICKENS, Adm'r, v. GLASS et al.**

No. 11766—Opinion Filed Sept. 25, 1923.

**1. Indians—Lands—Minority of Allottee as Restriction.**

The minority of a Cherokee freedman is a restriction upon alienation under the act of Congress of May 27, 1908, and allotted lands of such minor are not subject to or to be held liable for any form of personal claim or demand against the allottee arising or existing prior to his majority, and upon the death of such allottee his lands are not assets of the estate.

**2. Same—Allotment of Deceased Minor—Incumbrance—Inheritance.**

The allotment of a deceased minor freedman descends directly to his heirs free from debts or incumbrances of any nature.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Albert Pickens, as administrator, against J. Wood Glass and C. I. Weaver. Judgment for defendants, and plaintiff brings error. Affirmed.

A. B. Campbell and W. A. Chase, for plaintiff in error.

F. A. Calvert and J. Wood Glass, for defendants in error.

Opinion by ESTES, C. Plaintiff in error, Albert Pickens, plaintiff below, as adminis-

trator of the estate of Marcus Brown, deceased, sued defendants in error, Glass and Weaver, defendants below, to cancel certain deeds of conveyance covering the allotments of Marcus Brown, deceased, one of which was executed by said Marcus during his lifetime to the grantors of defendants and the other by his sole heir, after the death of the said Marcus. Judgment was for defendants quieting title in them against plaintiff and the latter appeals. The cause was tried on a stipulation of facts, a summary of the material parts of which is: That the real estate in controversy, containing 80 acres, comprises the homestead and the surplus allotments of the said Marcus; that the said Marcus was a freedman citizen of the Cherokee Nation; that the said Marcus died on September 29, 1916, intestate and without issue, and that at the time of his death he was a minor and unmarried; that plaintiff, Pickens, is the duly appointed, qualified, and acting administrator of the estate of said Marcus; that prior to his death, he then being a minor, said Marcus made a deed of conveyance of the real estate in controversy to one Matheson; that Maude Brown is the sister of said Marcus, deceased, and his sole and only heir at law, and subsequent to the death of said Marcus and as such heir, said Maude Brown executed and delivered to said Matheson a deed of conveyance of said real estate; that thereafter said Matheson, joined by his wife, executed and delivered to defendants, Glass and Weaver, a deed conveying said land; that the said Matheson and said defendants have continued in the possession of said real estate since the date of said first deed executed by said Marcus, a minor, to said Matheson; that there were no incumbrances upon and no liens affecting the title of said real estate at the date of the death of the said Marcus, and no claims have been filed against said administrator, except the claim of one Mrs. J. P. Gibson, whose claim for $5,000 is made on account of the alleged wrongful death of J. P. Gibson, the husband of claimant; that there is no personal property belonging to said estate; that certain lots in the city of Nowata of the value of $400, and the said allotments of land make up the entire estate of which said Marcus died seized and possessed; that notice to the creditors has been given by the administrator and the time within which claims can be filed has expired, and that there are no claims against said estate except the claim of said Mrs. J. P. Gibson, which arose prior to the date of the death of said Marcus.

In addition to cancellation of said conveyances, plaintiff sought possession and title of

said Marcus in order to subject same to the payment of the said Gibson claim. It is conceded that the said deed from said Marcus in his lifetime, he being a minor at the time, is invalid and that defendants deraign no title thereby. Defendants rely upon the said deed from Maude Brown to Matheson, she being the sole and only heir at law of said Marcus, and the conveyance of said Matheson and wife to them as their muniments of title. The sole question presented is: Are the allotted lands of the deceased, Marcus Brown, a minor Cherokee freedman, assets of the estate and subject to sale by his administrator to pay a debt of the estate arising prior to his death? The answer involves a construction of the act of Congress of May 27, 1908 (35 Stat. L. part 1, 312, ch. 199), and must be answered in the negative under the authority of a number of decisions by this court. Section 4 of said act of Congress is:

"That all land from which restrictions have been or shall be removed shall be subject to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes; Provided, that allotted lands shall not be subjected or held liable, to any form of personal claim, or demand, against the allottees arising or existing prior to the removal of restrictions, other than contracts heretofore expressly permitted by law."

In the recent case of Sandlin et al. v. Barker et al., 95 Okla. 113, 218 Pac. 519, it is held that under said section 4, supra, allotted lands of minors cannot be subject to or held liable for any form of personal claims or demands against the allottee arising or existing prior to removal of restrictions; that such allotted lands, upon which restrictions had not been removed at the time of the death of such minor allottee, are not assets of the deceased allottee's estate and are not subject to sale by the administrator to pay debts of the estate; that the minority of such freedman is a restriction upon alienation under said act; that his lands are not subject to or to be held liable for any form of personal claim or demand against the allottee arising or existing prior to his majority; that upon the death of such allottee, such lands are not assets of his estate; and that the allotment of a deceased minor freedman descends directly to his heirs free from debts of any nature. Kiel v. Baker et al., 91 Okla. 128, 216 Pac. 640 The stipulated facts bring the instant case clearly within the well-settled law of this state under said cases and others cited therein.

The judgment of the lower court should be, and is, affirmed.

By the Court: It is so ordered.